IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT REARICK, :

        Plaintiff, : Case No. 3:08cv093

  vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11); PLAINTIFF'S OBJECTIONS IN PART TO SAID JUDICIAL FILING (DOC. #12) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 10, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, that no finding be made as to

whether Plaintiff was under a disability within the meaning of the Social Security Act, and that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, under Sentence Four of 42 U.S.C. Section 405(g), for further administrative proceedings.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11) and in the Plaintiff's Objections to that judicial filing (Doc. #12), said Objections seeking a remand for the payment of benefits, rather than for further administrative proceedings, as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part, and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.  The Plaintiff's Objections in part to said judicial filing (Doc. #12) are sustained.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed and the captioned cause remanded for the payment of benefits.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

-4-

different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Although no definitive diagnosis has been rendered, Plaintiff's treating physician has treated him as if his condition were equal to a carcinoid syndrome. Fatigue is a symptom of this illness. Indeed, the fact that Plaintiff has achieved some positive results by said treatment lends credence to the treating physician's methodology. Additionally, the Medical Expert who testified during the administrative hearing agreed that the injections utilized by Plaintiff's treating physician are those typically used for advanced carcinoid tumors.

2. While not all Plaintiff's treating physicians discuss complaints of fatigue to the same degree, the record is replete with the Plaintiff's Complaints of same, not necessarily on a daily basis, without remission, but rather, once the treatment for carcinoid syndrome was implemented, during the fourth week of a four-week cycle. Indeed, the Vocational Expert testified that if an individual were unable to function every fourth week of every month, there would be no full-time work available for said individual. This is the Plaintiff's situation. The fact that the treatment for carcinoid syndrome might have improved the Plaintiff's condition, during the first three weeks of every four-week cycle, thus enabling him to perform certain tasks

that may well be inconsistent with a claim of disability, does not gainsay the fact that the record appears to be undisputed that, during that fourth week, the Plaintiff's severe fatigue is debilitating and disabling.

      3.      In this matter, the Administrative Law Judge did not apply an erroneous principle of law; rather, the non-examining Medical Expert simply failed to consider the well-documented evidence of fatigue in the record.  Accordingly, the Administrative Law Judge's decision of non-disability is not based upon substantial evidence, and remand is necessary.

      4.      Because the Plaintiff's subjective complaints were based upon evidence of an underlying medical condition in the record, the Administrative Law Judge's credibility determinations were not based upon substantial evidence.

      5.      In this Court's opinion, all essential factual issues have been resolved and the record adequately establishes this Plaintiff's entitlement to benefits.  The fact that the medical examiner failed to consider evidence that was replete in the record simply means that the Defendant Commissioner has failed to carry its burden at the Fifth Step of the Sequential Evaluation.  Given the strength of the proof of disability, there being no substantial evidence to the contrary, the law does not require the Defendant Commissioner to have the proverbial "second bite at the apple."  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in part, to the extent that said judicial officer concludes that the Commissioner's decision of non-disability is not supported by substantial evidence, and rejects same in part, to the extent that the judicial officer recommended a remand for further administrative proceedings, rather than one for the payment of benefits. Plaintiff's Objections in part to said judicial filing (Doc. #12), said Objections going to the nature of the remand, is sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2009        /s/ Walter Herbert Rice
                      WALTER HERBERT RICE, JUDGE
                      UNITED STATES DISTRICT COURT

Copies to:

Stephanie D. Dobson, Esq.
John L. Martin, Esq.
John J. Stark, Esq.
Cynthia A. Freburg, Esq.